NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**SANOFI-AVENTIS DEUTSCHLAND GMBH,**
*Appellant*

**v.**

**MYLAN PHARMACEUTICALS INC.,**
*Appellee*

**ANDREW HIRSHFELD, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

_____

2020-1871

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-01670.

-------------------------------------------------

**SANOFI-AVENTIS DEUTSCHLAND GMBH,**
*Appellant*

**v.**

2                                    SANOFI-AVENTIS DEUTSCHLAND v.
                                       MYLAN PHARMACEUTICALS INC.

**MYLAN PHARMACEUTICALS INC.,**
*Appellee*

**ANDREW HIRSHFELD, PERFORMING THE
FUNCTIONS AND DUTIES OF THE UNDER
SECRETARY OF COMMERCE FOR
INTELLECTUAL PROPERTY AND DIRECTOR OF
THE UNITED STATES PATENT AND TRADEMARK
OFFICE,**
*Intervenor*

———————————

2020-2029, 2020-2032, 2020-2033, 2020-2034

———————————

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2018-01675, IPR2018-01676, IPR2018-01678, IPR2019-00122.

--------------------------------------------------

**SANOFI-AVENTIS DEUTSCHLAND GMBH,**
*Appellant*

**v.**

**ANDREW HIRSHFELD, PERFORMING THE
FUNCTIONS AND DUTIES OF THE UNDER
SECRETARY OF COMMERCE FOR
INTELLECTUAL PROPERTY AND DIRECTOR OF
THE UNITED STATES PATENT AND TRADEMARK
OFFICE,**
*Intervenor*

———————————

2020-2159

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2019-00979.

———————————

Decided:  December 29, 2021

———————————

WILLIAM SUTTON ANSLEY, Weil, Gotshal & Manges LLP, Washington, DC, argued for appellant.  Also represented by ADAM BANKS, ANISH R. DESAI, SARAH M. STERNLIEB, ELIZABETH WEISWASSER, New York, NY; LAUREN ANN DEGNAN, Fish & Richardson P.C., Washington, DC; SCOTT MICHAEL FLANZ, JOHN STEPHEN GOETZ, New York, NY.

DOUGLAS H. CARSTEN, McDermott Will & Emery, Irvine, CA, argued for appellee.  Also represented by ADAM WILLIAM BURROWBRIDGE, Washington, DC; WESLEY EUGENE DERRYBERRY, STEFFEN NATHANAEL JOHNSON, TASHA THOMAS, RICHARD TORCZON, Wilson, Sonsini, Goodrich & Rosati, PC, Washington, DC; ELHAM FIROUZI STEINER, San Diego, CA.

KAKOLI CAPRIHAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for intervenor.  Also represented by DANIEL KAZHDAN, THOMAS W. KRAUSE, BRIAN RACILLA, FARHEENA YASMEEN RASHEED.

———————————

Before DYK, CLEVENGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

These consolidated appeals are from the final written decisions in six inter partes reviews by the Patent Trial and Appeal Board—IPR2018-01670, IPR2018-01675, IPR2018-01676, IPR2018-01678, IPR2019-00122, and IPR2019-00979.  The reviews involved claims of three patents owned

by Sanofi-Aventis Deutschland GmbH—claims 1–3 of U.S. Patent No. 8,679,069, claims 11, 14, 15, 18, and 19 of U.S. Patent No. 8,603,044, and claims 1–6, 12–18, 20, 23, 26–30, 32, 33, 36, and 38–40 of U.S. Patent No. 8,992,486. The Board held all challenged claims unpatentable for obviousness. Sanofi appeals. We affirm.

The three patents, which share a specification, address a pen-type injection device that allows a user to set and administer a dose of medication. *See, e.g.*, '069 patent, col. 1, lines 13–17. The challenged independent claims of the three patents (claim 1 of the '069 patent, claim 1 of the '486 patent, and claim 11 of the '044 patent) are relevantly similar, detailing components of a "housing part for a medication dispensing apparatus." '069 patent, col. 6, lines 36–60 (claim 1). The Board determined that all challenged claims are unpatentable on two independent grounds—obviousness over Burroughs and obviousness over Steenfeldt-Jensen. We limit our discussion to the latter ground, addressed in IPR2018-01670, IPR2018-01676, IPR2018-01678, and IPR2019-00979.

Steenfeldt-Jensen (U.S. Patent No. 6,235,004) describes an injection syringe used to dispense medicine and depicts five embodiments. Steenfeldt-Jensen, col. 1, lines 11–15; *id.*, figs. 1–17. The Board determined that a relevant artisan would have modified Steenfeldt-Jensen's fifth embodiment with a teaching from its first embodiment to meet the threaded-sleeve limitation of the asserted independent claims, such as claim 1 of the '069 patent. *Mylan Pharms. Inc. v. Sanofi-Aventis Deutschland GmbH*, IPR2018-01670, at 61–68 (P.T.A.B. Apr. 2, 2020) (*1670 Final Written Decision*).[1] The Board also determined that a relevant artisan would have modified Steenfeldt-Jensen's

---

[1] The Board's *1670 Final Written Decision* is representative of the Board's discussion of the same limitation in the other IPRs discussing Steenfeldt-Jensen.

fifth embodiment with a component from its third embodiment to meet the radial-stop limitation of claims 30 and 32 of the '486 patent. *Mylan Pharms. Inc. v. Sanofi-Aventis Deutschland GmbH*, IPR2018-01678, at 67–69 (P.T.A.B. May 29, 2020) (*1678 Final Written Decision*). Sanofi challenges the Board's findings.

The Board had substantial evidence to support its determination that, based on the express teaching of a nut member on the first embodiment of Steenfeldt-Jensen (at col. 7, lines 41–47), a relevant artisan would have modified the fifth embodiment with an internally threaded driver tube to engage the piston rod. In light of the expert testimony, the Board reasonably found that the first and fifth embodiments have substantially similar components and arrangements of components, that the driver tubes and piston rods of the two embodiments perform the same functions, that the modified parts would be expected to operate in substantially the same manner, that the nut member of the first embodiment teaches an internally threaded driver tube, and that a relevant artisan would have understood Steenfeldt-Jensen as actually suggesting consideration of using the internally threaded driver tube taught by the first embodiment in other, similar-structure embodiments, such as the fifth. And the Board reasonably found that any increase in friction from the modification would not have deterred a relevant artisan from pursuing the suggestion.

The Board also reasonably found that a relevant artisan had a motivation to modify Steenfeldt-Jensen to meet the radial-stop limitation of claims 30 and 32 of the '486 patent. *1678 Final Written Decision* at 67–69. The Board determined that a relevant artisan would have modified the fifth embodiment, which had outer hooks and longitudinal slots acting as a radial stop, by replacing it with protruding teeth from the third embodiment. The Board found that these two elements were interchangeable, crediting Mylan's testimony that using either component as a radial stop would have been a routine and predictable

modification.  The Board thus had substantial evidence for its conclusion that this rearrangement of old elements, each performing the same function it had been known to perform, would have been obvious.

For the foregoing reasons, we affirm the four final written decisions that determined unpatentability based on Steenfeldt-Jensen:  IPR2018-01670,  IPR2018-01676, IPR2018-01678,  and  IPR2019-00979.    That  conclusion moots  the  appeals  from  the  final  written  decisions  in IPR2018-01675  and  IPR2019-00122,  which  involve  no claims other than those already covered by the Steenfeldt-Jensen reviews.  We affirm in Appeal Nos. 20-1871, 20-2032, 20-2033, and 20-2159.  We dismiss as moot the appeals in Appeal Nos. 20-2029 and 20-2034.

Costs awarded to Appellee.

**AFFIRMED IN PART, DISMISSED IN PART**